# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3619

_____

| | | |
|---|---|---|
| Bebe Stores, Inc., | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| May Department Stores International, | * | Eastern District of Missouri. |
| doing business as The May Department | * | |
| Stores Company, Inc., | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 10, 2002

Filed:  December 18, 2002

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and RILEY, Circuit Judges.

_____

PER CURIAM.

May Company has submitted an expedited appeal of a preliminary injunction that, with limited exceptions, bars May from advertising and selling women's clothing under its new label entitled "be."  May, which operates eleven department stores nationwide, introduced the "be" clothing line in June 2002 to target women aged 18 to 30.  Bebe Stores, an upscale clothier with a customer base of women aged 19 to 30, sued May for trademark infringement, unfair competition, and trademark dilution, and

also sought a preliminary injunction.  The District Court[1] granted the injunction and required Bebe to post a bond of $3 million.  We affirm the injunction and remand for reconsideration of the amount of the bond.

May's appeal concerns three issues: the validity of Bebe's mark, the likelihood of confusion between Bebe's mark and the "be" mark, and the amount of the injunction bond.  Having carefully reviewed the District Court's decision for clearly erroneous factual determinations and for errors of law, we have found none.  See United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1179 (8th Cir. 1998).  With regard to the validity of the Bebe mark, the record contains sufficient evidence, including the testimony of Bebe's founder and the registration of the Bebe mark with the United States Patent and Trademark Office, to support the District Court's finding that "bebe" is an arbitrary mark.  See First Bank v. First Bank Sys., Inc., 84 F.3d 1040, 1044 (8th Cir. 1998) (explaining that, under 15 U.S.C. § 1115(b), registration of mark is prima facie evidence of validity).  As for likelihood of confusion, the similarities between the respective names, logos, clothes, and customer bases of "be" and Bebe, together with Bebe's evidence of actual confusion, provide ample justification for the District Court's decision.  Although Bebe did not introduce survey evidence, the live testimony of Bebe's employees and of a confused Bebe shopper were compelling enough to demonstrate the likelihood of actual confusion.  We discern no clear error in any of the District Court's findings of fact.  Having concluded that the District Court's analysis under the framework of Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981), did not result in an abuse of discretion, we affirm the injunction.  See 8th Cir. R. 47B.  The case is remanded to the District Court for further proceedings.

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

On remand, we direct the District Court to reconsider its setting the injunction bond at $3 million. Although its order stated that it believed the cost of the injunction to May is much less than the $30 million that May claims, the District Court did not make any other findings in this regard nor did it give reasons for selecting the $3 million amount. We are not instructing the District Court necessarily to increase the amount of the bond, but the District Court should do so if upon reconsideration its additional findings of fact lead to the conclusion that a larger amount would be appropriate.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.